UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM D. HAMBY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No.    3:19-CV-505-PLR-HBG |
| | ) |
| OFFICER BRASFIELD and MICHAEL PARRIS, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction, has filed a pro se complaint for violations of his civil rights pursuant to 28 U.S.C. § 1983 arising out of an assault on him by an inmate on August 13, 2019, that he alleges Defendant Brasfield ordered, as well as allegations of threats, discarding of legal mail, and refusal to provide *in forma pauperis* forms [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **DENIED** and this action will be **DISMISSED** without prejudice to Plaintiff prepaying the filing fee.

### I.    SECTION 1915(g)

Section 1915(g) of the Prison Litigation Reform Act of 1996 ("PLRA") provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

Prior to filing his complaint in this case, Plaintiff had filed more than three actions while he was incarcerated that were dismissed for failure to state a claim. *See, e.g., Hamby v. Rhude*, No. 3:19-CV-97-RLJ-HBG [Doc. 6] (E.D. Tenn. Apr. 5, 2019) (noting Plaintiff's previous dismissals under § 1915(g) in *Hamby v. Rhude*, No. 3:19-CV-212, 2019 WL 149172, at *1 (M.D. Tenn. Apr. 3, 2019) (citing four prior cases in Middle District that were dismissed for failure to state a claim—specifically: *Hamby v. Lingle*, No. 3:12-CV-0942 (M.D. Tenn. Sept. 18, 2012); *Hamby v. Johnson*, No. 3:12-CV-1303 (M.D. Tenn. Jan. 10, 2013); *Hamby v. Johnson*, No. 3:13-CV-96 (M.D. Tenn. Apr. 10, 2013); and *Hamby v. Thomas*, No. 3:13-CV-0127 (M.D. Tenn. Feb.19, 2013)).

## II.     IMMINENT DANGER

Accordingly, Plaintiff may not proceed *in forma pauperis* in this action unless his complaint adequately alleges that he was in "imminent danger of serious physical injury" at the time that he filed his complaint. 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). While Plaintiff's complaint contains a conclusory statement that this "is an imminent danger case" [Doc. 1 p. 4–5], it contains no factual allegations to support this statement. Specifically, while Plaintiff alleges in his complaint that Defendant Brasfield caused him to suffer serious physical injury on or about August 13, 2019, by ordering an inmate to assault Plaintiff [*Id.* at 1–2], nothing in the complaint suggests that Defendant Brasfield or anyone else posed any threat of physical injury to Plaintiff at the time he filed his complaint more than three months later, and past danger is insufficient for a prisoner to proceed under the imminent danger exception to § 1915(g). *Id.* at 797–98 (providing that the imminent danger exception only applies where the danger is "real and proximate and the danger of serious physical injury . . . exist[s] at the time the complaint is filed" and that that past danger is insufficient).

Moreover, while Plaintiff recently filed a motion for injunctive relief in which he states that Defendant Brasfield and her sister in law "are continually abusive to [him], via threats of further assaults on [him]" [Doc. 5 p. 2–3], Plaintiff's only factual allegations to support these allegations are that Defendant Brasfield and her sister in law "regularly come to [his] window to verbally abuse [] and taunt [him]" [*Id.*].[1] Thus, Plaintiff's allegation that Defendant Brasfield has made threats that Plaintiff will be assaulted again is conclusory and does not allow the Court to plausibly infer that Plaintiff was in imminent danger of physical injury at the time he filed his complaint. Additionally, Plaintiff's filings herein and in another action he filed arising out of the same underlying assault render any allegations of imminent danger of physical injury to Plaintiff at the time that he filed his complaint "irrational and wholly incredible." *Rittner*, 290 F. App'x at 798

Specifically, Plaintiff previously filed a lawsuit in this District arising out the same incident at issue in his complaint in this action in which he did not state that Defendant Brasfield had directed the inmate to assault him. To the contrary, Plaintiff stated in his other complaint that the subject assault occurred when the inmate tried to push food through Plaintiff's slot, but Plaintiff refused it, and the inmate therefore slammed Plaintiff's hand in the food port. *Hamby v. Parker, et al.*, 3:19-CV-370 [Doc. 1 p. 1] (E.D. Tenn. Nov. 13, 2019).[2] Plaintiff further stated in his other complaint that when he tried to file a report about this incident, staff told him "that's what you get for telling on our gangster disciples, they sell dope for us [and] you snitched on them." *Id.* Plaintiff made no mention of Defendant Brasfield in this other complaint, nor does he explain in his

---

[1] Plaintiff also states in this motion that Defendant Brasfield does all of this to Plaintiff because she hates him because of his lawsuits and his religious beliefs, as well as because she hates men, she is a lesbian and thinks she is a man, and Plaintiff does not support her agenda to support gangs and use and sell drugs to and for gang members at the jail [*Id.* at 3–4].

[2] The Court dismissed this action pursuant to Rule 41(b). *Id.* [Docs. 8 and 9].

3

complaint herein how Defendant Brasfield could have directed the underlying "attack" at issue without knowledge that Plaintiff was going to refuse the food that the inmate tried to provide him.

Thus, not only are Plaintiff's allegations of "imminent danger" in his filings in this action conclusory, they are also "irrational and wholly incredible" when taken together with Plaintiff's prior complaint based on the same incident. As such, Plaintiff may not proceed under the "imminent danger" exception to § 1915(g) in this action. *Rittner*, 290 F. App'x at 798 (affirming district court's holding that prisoner could not proceed *in forma pauperis* under the imminent danger exception to § 1915(g) where his allegations of imminent danger were "irrational or wholly incredible"); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, at 492 (6th Cir. 2012) (providing that "[a]llegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception").

### III. CONCLUSION

Accordingly:

(1) Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **DENIED**;

(2) Plaintiff's complaint will be **DISMISSED without prejudice** to Plaintiff prepaying the filing fee pursuant to the three-strike rule of 28 U.S.C. § 1915(g); and

(3) The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

4